UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PEOPLE'S UNITED BANK, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 3:08cv01858 (PCD) |
| : | |
| PEOPLESBANK, : | |
|     Defendant. : | |

**RULING ON MOTION TO DISMISS OR TRANSFER VENUE**

Defendant PeoplesBank twice moved the Court to transfer the venue of this action, pursuant to 28 U.S.C. § 1404(a), from the United States District Court for the District of Connecticut to the United States District Court for the District of Massachusetts, or, in the alternative, to dismiss all claims for lack of standing, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. For the reasons stated below, Defendant's Motions to Dismiss or Transfer [Doc. Nos. 10, 19] are **denied.**

**I.    Background**

On December 8, 2008, Plaintiff People's United Bank filed this action seeking a Declaration of non-infringement of Defendant PeoplesBank's trademark. People's United Bank ("United") is a Bridgeport, Connecticut based federally chartered stock savings bank. (Compl. ¶¶ 6-9.) United recently acquired two Massachusetts bank subsidiaries, the Bank of Western Massachusetts and Flagship Bank and Trust Company. Plaintiff seeks to use the name "People's United Bank" beginning January 1, 2009 in conjunction with its recent acquisitions in Massachusetts. (Id. ¶4.)

Defendant PeoplesBank is a chartered Massachusetts bank, operating fifteen branches and thirty-six ATM locations in Western Massachusetts. (Def.'s Mem. in Support of Mot. to Dismiss

or Transfer at 5.)  Defendant seeks to enjoin the use of the "People's United Bank" name in Western Massachusetts, and beginning in September 2007 opposed five federal service mark applications submitted by Plaintiff. (Id.)

On December 23, 2008, Defendant PeoplesBank filed an action in Massachusetts against Plaintiff United asserting claims for false advertising under the Lanham Act, false designation of origin under the Lanham Act, infringement of a Massachusetts "state registered" service mark and unfair and deceptive practices under the General Laws of Massachusetts.  PeoplesBank filed a motion for a temporary restraining order ("TRO") in the Massachusetts action.  United then cross-moved to transfer the Massachusetts action to this Court.   Judge Ponsor, D. Mass., denied the TRO and granted the motion to transfer, concluding that "there are no adequate considerations justifying this case remaining in this court after today." (Tr. 12/30/08 hearing at 42.)  The Massachusetts case is now before this court as 9cv0019.

**II.  Motion to Dismiss or Transfer**

Plaintiff argues that Defendant is collaterally estopped from relitigating the issues of transfer and United's standing, which were previously decided by Judge Ponsor.  For estoppel to apply, four elements must be met: "(1) the issues of both proceedings must be identical, (2) the relevant issues were actually litigated and decided in the prior proceeding, (3) there must have been "full and fair opportunity" for the litigation of the issues in the prior proceeding, and (4) the issues were necessary to support a valid and final judgment on the merits." Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A., 56 F.3d 359, 368 (2d Cir. 1995).  "Collateral estoppel, or issue preclusion, bars the relitigation of issues actually litigated and decided in the prior proceeding, as long as that determination was essential to that judgment." Id.

Here, the identical issues of forum (Connecticut vs. Massachusetts) and United's standing were actually litigated and subsequently decided by Judge Ponsor. Each party had a full and fair opportunity to raise its arguments both in briefs and before the court in oral argument. Although the case previously before Judge Ponsor is at the moment a separate action from the case at hand, the parties and issues in the two actions **(**8cv1858 and 9cv001) are identical. Neither party attempts to argue that collateral estoppel would not apply because the cases are still separate actions. ("Judge Dorsey has exactly the same issues before him down in New Haven." (Tr. 12/30/08 hearing at 7.))

The relevant issues have been litigated and decided; the 88-page transcript of the 12/30/08 hearing clearly shows that the parties made the same arguments before Judge Ponsor that they now make before this Court. Judge Ponsor held that "there are no adequate considerations justifying this case remaining in this court after today. It's going to go down to Connecticut. That's where it belongs. . . . The first filed rule applies. There are no special considerations, there's no underhandedness." (Tr. 12/30/08 hearing at 42-43; see also Id. at 44.) Judge Ponsor further dismissed as "nutty" Defendant's argument that United has no standing and an order against them would be unenforceable because at the time of filing Plaintiff was a separate legal entity from its subsidiaries, which had no personal stake in the matter. (Tr. 12/30/08 hearing at 40.) United clearly has a personal stake in the outcome of this lawsuit and has standing to sue regarding the use of its own name.

Defendants argue, and provide some support, for the position that the Transfer Order is not a final judgment on the merits for the purposes of collateral estoppel. The law is unclear on

this point.[1]  However, the Ninth Circuit noted that "the better rule is to bar reconsideration of these matters unless there is some indication that appellants were not afforded a full and fair opportunity to litigate these matters before the transferor court." Hatch v. Reliance Ins. Co., 758 F.2d 409, 413 (9th Cir. 1985).  As previously noted, no such circumstances exist here.

Furthermore, to any extent that Judge Ponsor's decision is not a final judgment on the merits, having reviewed his ruling, this Court finds no error or exigent circumstances and declines to exercise any discretion it may have to re-transfer the case or overturn the decision on standing.  The principal of judicial comity applies to the decision,[2] and counsels against disturbing Judge Ponsor's previous holdings. "A disappointed litigant should not be given a second opportunity to litigate a matter that has been fully considered by a court of coordinate jurisdiction, absent unusual circumstances." Dresser Indus. v. First Travel Corp., 1990 U.S. Dist. LEXIS 20889 at *7 (W.D.N.Y. Oct. 12, 1990) (quoting Hayman Cash Register Co. v. Sarokin, 669 F.2d 162, 168-169 (3d Cir. 1982)).

SO ORDERED.

---

[1] Hatch v. Reliance Ins. Co., 758 F.2d 409, 413 (9th Cir. 1985) (comparing Hoffman v. Blaski, 363 U.S. 335, 340 n.9, 4 L. Ed. 2d 1254, 80 S. Ct. 1084 (1960) (suggesting in dicta that a transfer did not preclude transferee court form determining whether it had jurisdiction or venue) with Hayman Cash Register Co. v. Sarokin, 669 F.2d 162 (3d Cir. 1982) (distinguishing Blaski and barring reconsideration of jurisdiction and venue issues by transferee court where transferor court already decided the issue) and Skil Corp. v. Millers Falls Co., 541 F.2d 554, 556 (6th Cir.), cert. denied, 429 U.S. 1029, 50 L. Ed. 2d 631, 97 S. Ct. 653 (1976)).

[2] "The United States Supreme Court has recognized that concerns of judicial comity are magnified in cases involving transfers between district courts of different circuits." Dresser Indus. v. First Travel Corp., 1990 U.S. Dist. LEXIS 20889 at *7 (W.D.N.Y. Oct. 12, 1990); see also Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 816, 100 L. Ed. 2d 811, 108 S. Ct. 2166 (1988).

Dated at New Haven, Connecticut, this 6th day of April, 2009.

/s/_____
Peter C. Dorsey, U.S. District Judge
United States District Court